IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHELLE MAURER, )
)
               Plaintiff, )
)
             v. )          No. 12-4142-SSA-CV-C-MJW
)
CAROLYN W. COLVIN, )
Acting Commissioner, )
Social Security Administration, )
)
             Defendant. )

## ORDER

     Plaintiff Michelle Maurer seeks judicial review,[1] of a final administrative decision denying her Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI.

     The parties' briefs are fully submitted, and an oral argument was held on March 21, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

     The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Plaintiff was born in 1982 and was 27 years old on the date she filed her application for Supplemental Security Income.  Plaintiff alleges disability beginning September 1, 2008.  Plaintiff has not engaged in substantial gainful activity since December 28, 2009, the date she filed her application.  Plaintiff alleges disability primarily due to bipolar disorder.  Plaintiff testified at the hearing before the administrative law judge (ALJ) that she could not work because she has trouble getting along with supervisors, coworkers and others, she has trouble "going off" on people and with her mood and she does not like germs.

The ALJ found that plaintiff suffered from the severe impairments of bipolar disorder, post-traumatic stress disorder, learning disorder, alcohol dependence, in early remission, and a history of cocaine and marijuana use.  The ALJ found that plaintiff's other alleged impairments of neck and back pain and headaches were not severe.  The ALJ also found that plaintiff's severe and nonsevere impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  The ALJ determined that after consideration of the

entire record, plaintiff retained the residual functional capacity (RFC) to perform a full range of work at all exertional levels, but with nonexertional limitations of (1) simple, routine, repetitive tasks not performed in a fast-paced production environment involving simple work-related decisions and, in general, relatively few workplace changes; and (2) occasional interaction with supervisors, coworkers and the general public.  Based on this RFC and the testimony of the vocational expert who testified at the hearing, the ALJ determined there are jobs that exist in significant numbers in the regional and national economy that plaintiff could perform.

Plaintiff argues the ALJ's decision is not supported by substantial evidence because the ALJ failed to give proper weight to the opinion of Dr. Small, failed to base the RFC on substantial medical and nonmedical evidence, failed to include sufficient limitations for plaintiff's impairments, and improperly discredited plaintiff's credibility.

The Commissioner argues the ALJ properly found plaintiff's testimony concerning her symptoms not to be entirely credible, and that the ALJ gave good reasons for discrediting plaintiff's credibility.  The Commissioner further argues the ALJ properly weighed the medical evidence and that the RFC was consistent with the results of the consultative examination.  The Commissioner argues plaintiff had significant gaps in her treatment; the medical evidence did not support her allegations; plaintiff received unemployment benefits; and her daily activities were inconsistent with her subjective complaints.  The Commissioner argues there is substantial evidence in the record to support the ALJ's determination that plaintiff is not disabled as defined under the Social Security Act.

Upon review, this Court finds the ALJ did not err in weighing the medical evidence.  Although a treating physician's opinion is generally entitled to substantial weight, it does not automatically control in the face of other credible evidence on the record that detracts from that opinion.  Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009).  An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record.  Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).  Here, the ALJ properly considered Dr. Small's opinion, but noted the doctor's opinion was inconsistent with other medical evidence of record and gave it little weight.  The ALJ also properly discussed the reasons for giving great weight to the consultative opinion of Dr. Hutson.  20 C.F.R. § 404.1527(e).  "It is well settled that an ALJ may consider the opinion of an independent

3

medical advisor as one factor in determining the nature and severity of a claimant's impairment." Harris v. Barnhart, 356 F.3d 926, 931 (8th Cir. 2004). The regulations specifically provide that the opinions of nontreating physicians may be considered. 20 C.F.R. § 404.1527(e). Having determined Dr. Small's opinion was inconsistent with substantial evidence in the record, the ALJ was clearly authorized to consider the opinions of other physicians. Hacker v. Barnhart, 459 F.3d 934, 939 (8th Cir. 2006). See also Wagner v. Astrue, 499 F.3d 842, 849 (8th Cir. 2007). The ALJ did not err in giving great weight to the opinion of Dr. Hutson, noting that the opinion was consistent with the record as a whole.

The ALJ did not err in the determination that the severity of plaintiff's alleged symptoms was not fully credible. The ALJ cited to several factual bases in the record which call into question the severity of plaintiff's alleged complaints. The ALJ noted a lack of objective medical evidence, significant gaps in plaintiff's treatment, daily activities inconsistent with disability, and receipt of unemployment benefits as the basis for discounting plaintiff's credibility as to the severity of her complaints. The ALJ may properly discount the claimant's testimony where it is inconsistent with the record, as determined by the ALJ here. Perks v. Astrue, 687 F.3d 1086, 1093 (8th Cir. 2012). Moreover, credibility questions concerning a claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court. See Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003). Adverse credibility determination by the ALJ is entitled to deference when ALJ gives good reasons for doing so. See id. See also Renstrom v. Astrue, 680 F.3d 1057, 1067 (8th Cir. 2012). Here, the ALJ has properly set forth the reasons for discrediting plaintiff's credibility.

Finally, the ALJ did not err in the determination of plaintiff's RFC.[2] The ALJ properly discussed the medical evidence and the record as a whole in determining plaintiff's RFC which places significant restrictions on plaintiff's mental ability to do work. Based on this RFC and the testimony of a vocational expert, the ALJ did not err in determining there were jobs which exist in significant numbers in the national economy that plaintiff could perform.

---

[2] Plaintiff's arguments in support of this appeal were carefully and fully considered. Any arguments that are not specifically discussed in this order have been considered and determined to be without merit. This Court finds there is substantial evidence in the record to support the decision of the ALJ.

4

**Conclusion**

There is substantial evidence in the record to support the ALJ's decision that plaintiff is not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 8th day of April, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge